IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30152
Summary Calendar
_____

SHEANNE M. TIERNEY, Individually and on
behalf of her minor child,
Christopher Michael Tierney,

Plaintiff-Appellant,

PRINCIPAL HEALTH CARE OF LOUISIANA, INC.,

Intervenor-Plaintiff-Appellant,

versus

GENERAL MOTORS CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(93-CV-1810-S)
_____

February 26, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Sheanne Tierney appeals a jury decision denying her product liability claims against General Motors Corporation ("GM"). Because we find that the evidence supports the jury's finding in this case, we affirm.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tierney was injured when a Nissan pickup truck, driven by LaToya Waller Cruz, lost control and crossed into oncoming traffic on Lapalco Boulevard in Jefferson Parish, Louisiana. The pickup first hit a Ford Taurus and then collided with the left front corner of a Chevrolet Cavalier driven by Tierney. The accident was devastating, causing Tierney to suffer terrible damage to her lower right leg and severe facial injuries.

Tierney filed lawsuits against both Cruz and GM. She settled with Cruz for $25,000, the policy limit of Cruz's insurance policy. Her claim against GM alleged that her Cavalier was unreasonably dangerous because there existed a superior floor design for the vehicle. In order to prevail at trial, Tierney had to show (1) that an unreasonably dangerous condition existed and (2) that the condition legally caused the injury to Tierney. The jury concluded that Tierney succeeded in demonstrating an unreasonable condition, but failed to show that it was the legal cause of Tierney's injuries. The trial court therefore rendered judgment in favor of GM.

On appeal, Tierney argues, first, that the jury's two findings are legally inconsistent and, second, that the evidence does not support the jury's finding that the defect was not a proximate cause of the accident. Tierney's first argument is unavailing. Although the jury's first finding, that the car was unreasonably dangerous, requires the jury to conclude that the defect could have caused the injury in question, Tierney still had to meet the burden

2

of showing that the defect caused the injury in this particular situation.  In this case, the jury concluded that the accident was so severe that Tierney would have suffered the injury regardless.

Tierney's second argument requires a review of the evidence supporting the jury's conclusion.  Our review of jury determinations is particularly deferential.  We will not substitute our judgment for that of the jury unless there is no evidence "of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." Granberry v. O'Barr, 866 F.2d 112, 113 (5th Cir. 1988).  At trial, GM presented evidence that Tierney's collision led to a significant change in the velocity of the two vehicles.  GM also presented expert testimony that, for accidents involving similar changes in velocity, passengers were exceedingly likely to suffer lower leg and foot injuries regardless of the design of the car.  In the light of this evidence, we cannot conclude that the jury erred in reaching its conclusion.

For the foregoing reasons, we therefore AFFIRM the judgment of the district court.

A F F I R M E D.